**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**NORA JULIAO ALZATE,**

    **Petitioner,**

**vs.**                                                                                          **Case No. 4:05cv9-WS/WCS**

**JOSE VAZQUEZ,**

    **Respondent.**

_____/

### REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum. Docs. 1 and 2. The Government was directed to file an answer or other pleading, and Petitioner was given the opportunity (but not required) to file a reply. Doc. 4. The Government filed an answer. Doc. 5 (hereafter references to exhibits are to those submitted with doc. 5). Petitioner did not file a response.

The answer indicates that Petitioner was scheduled for release by means of good conduct time (GCT) on July 14, 2005. Doc. 5, p. 2 and Ex. A. A check of Petitioner's inmate number on the web site of the Bureau of Prisons reveals that Petitioner was actually released on July 18, 2005. Petitioner's claim challenging the

calculation of GCT, and request for recalculation of her release date, is therefore moot. See Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (challenge to parole revocation was mooted by subsequent release).

Further, the issue raised is whether it is permissible for the BOP to interpret "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) to mean "actual time served" rather than "sentence imposed." Doc. 1, p. 3. The Eleventh Circuit has recently decided this question adverse to Petitioner. Brown v. McFadden, __ F.3d __, 2005 WL 1618739 (11th Cir. July 12, 2005). Because this interpretation was reasonable, the rule of lenity did not apply. Id., at *2. Even if Petitioner's claim is not moot, it is without merit.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (doc. 1) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 29, 2005.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.